UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL ANGEL VAZQUEZ,

    Petitioner,

v.                                    Case No. 8:11-cv-1274-T-23AEP

DEPARTMENT OF HOMELAND
  SECURITY,

    Respondent.
                                        /

**O R D E R**

    Vazquez petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for child abuse, for which conviction Vazquez was sentenced to imprisonment for one year. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 23) The respondent admits the petition's timeliness. (Response at 9 Doc. 23) Vazquez's only ground alleges that counsel failed to advise him about the risk of removal following his conviction. This ground lacks merit and is both unexhausted and procedurally barred.

    A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity

to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). Also, a petitioner must present to the federal court the same claim that he presented to the state court. *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. at 366.

A petitioner must alert the state court that he is raising a federal claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6

(1982).  *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004) ("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted).

Finally, to avoid a procedural default, a petitioner must present each claim to the state courts in the procedurally correct manner.  "In Florida, in non-death penalty cases, the applicant must have apprised a district court of appeal."  *Upshaw v. Singletary*, 70 F.3d at 579.  The record shows that Vazquez failed to properly appeal his claim to the district court of appeal. [1]  As a consequence, his claim is unexhausted.

The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the

---

[1] Vazquez never appealed either his conviction or his first two motions for post-conviction relief.  Although Vazquez appealed his third motion for post-conviction relief, the appeal was dismissed as untimely.

petitioner has defaulted under state procedural rules."), *appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999).

A claim barred by a procedural default in state court remains barred in federal court, absent a demonstration of "actual cause and prejudice" or "manifest injustice." *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Engle v. Isacc*, 456 U.S. 107 129 (1981); *Wainwright v. Sykes*, 422 U.S. 72 (1977); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Vazquez shows neither cause and prejudice (because the failure to timely appeal was his fault) nor a fundamental miscarriage of justice (because he cannot show actual innocence of the crime of conviction, as required by *Smith v. Murray*, 477 U.S. 527, 537 (1986)). Consequently, Vazquez's only ground for relief is procedurally barred from review on the merits.[2]

Accordingly, Vazquez's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Vazquez and close this case.

---

[2] Nevertheless, the ground lacks merit. Vazquez alleges that counsel failed to advise him about the risk of removal following his conviction. Without citing the controlling case, Vazquez apparently relies on *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010), which holds "that counsel must inform her client whether his plea carries a risk of deportation." *Padilla* is not retroactive. *Figuereo-Sanchez*, 678 F.3d 1203, 1209 (11th Cir. 2012) ("[W]e conclude that *Padilla* did not announce a watershed rule of criminal procedure."). Vazquez's conviction was final in 2010—before *Padilla*. Additionally, *Padilla* is inapplicable because Vazquez was convicted based on a non-jury trial. Trial counsel's obligation under *Padilla* applies only when the defendant pleads guilty.

# CERTIFICATE OF APPEALABILITY
# AND
# LEAVE TO APPEAL IN FORMA PAUPERIS

Vazquez is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Vazquez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Vazquez fails to show that reasonable jurists would debate the merits of his only claim, Vazquez cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Vazquez is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Vazquez must pay the full $455 appellate filing fee without installments unless the circuit court allows Vazquez to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 26, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE